IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DONALD SCOTT METOYER | § | |
| v. | § | CIVIL ACTION NO. 5:23cv41 |
| RHYEEM ROBINSON, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Donald Metoyer, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On May 10, 2023, Plaintiff was ordered to file an amended complaint setting out a short and plain statement of his claims, alleging sufficient facts which, taken as true, state a claim for relief which is plausible on its face. The Court provided guidance as to this amended complaint, stating Plaintiff should provide a concise statement of each of his claims together with the facts giving rise to these claims, a statement of how each named defendant is involved with these facts, an explanation of the harm suffered, and the relief sought in the lawsuit. A standard §1983 lawsuit form was provided to Plaintiff to assist him in filing his amended complaint. Plaintiff received a copy of this order on or before May 23, 2023, but has not complied, nor has he responded to this order in any way.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Rule 41(b),

F. R. Civ. P. Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id*. (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-31 (1962)).

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to file an amended complaint is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The allegations giving rise to his claim appear to have begun in April of 2021, meaning that a dismissal without prejudice could operate as a dismissal with prejudice because of the operation of the statute of limitations. Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of sixty days following the date of entry of final judgment in this case. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.2d 799, 802 (5th Cir. 1992).

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. It is further recommended that the statute of limitations be suspended for a period of sixty (60) days from the date of entry of final judgment in the case, allowing Plaintiff the opportunity to refile if he wishes.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE